**ITT LAMP DIVISION OF the INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION**

v.

**Stephen A. MINTER, Commissioner of the Massachusetts Department of Public Welfare.**

**Civ. A. No. 70–1265–C.**

United States District Court, D. Massachusetts.

Sept. 30, 1970.

Jerome H. Somers, Stoneman & Chandler, Boston, Mass., for plaintiff.

Arthur P. Laughlin, William E. Searson, III, Asst. Attys. Gen., Boston, Mass., for Stephen Minter, Commissioner of Public Welfare.

Joseph F. Feeney, Feeney & Malone, Boston, Mass., for Local No. 42.

## MEMORANDUM OF OPINION ON MOTION FOR A TEMPORARY RESTRAINING ORDER

FRANCIS J. W. FORD, District Judge.

The plaintiff in this action for injunctive relief is a Delaware corporation engaged in interstate commerce. Since August 24, 1970 employees of plaintiff's Lynn plant, members of Truck Drivers, Chauffeurs, Helpers Local No. 42, have been on strike.

Some of the striking employees have applied for assistance and welfare benefits under Massachusetts G.L. Chapters 117 and 118. Defendant, who administers such benefits, has found certain applicants eligible and is ready to make payments of benefits to them. The case has been heard on plaintiff's motion for an order temporarily restraining defendant from making such payments.

Before a temporary restraining order can issue, plaintiff must show that it has a reasonable probability of prevailing on the merits after a full hearing of the case. Consequently, the court, without purporting to decide the issues finally, must consider the contentions of plaintiff.

Plaintiff argues that the making of welfare payments to striking workers amounts to an interference by the state with its right under the Labor Management Relations Act, 29 U.S.C. § 141 et seq. to engage freely in collective bargaining, and hence that under the doctrine of preemption the state is barred from granting such assistance. Even assuming that welfare assistance to striking workers may tend to give the strikers some advantage, the state here does not purport to intervene directly in any matter involving labor management relations. It is acting under an entirely separate program of providing for its citizens

who are in need, a matter of vital state interest, and one in which the policy and operation of the state program is closely coordinated with another federal statute providing for aid to families with dependent children, 42 U.S.C. § 601 et seq., under which the federal government provides a substantial part of the cost of the benefits furnished. Any effect this program may have on a particular labor-management dispute is indirect and peripheral. The court is not convinced that it would finally be held barred under the preemption doctrine.

■ Plaintiff further argues that the granting of benefits violates the Massachusetts statutes and the related federal statute, 42 U.S.C. § 601 et seq. It is argued that the strikers here (and their families) are not eligible because by striking they have voluntarily left their jobs and hence are persons who have "without good cause * * * refused a bona fide offer of employment." However, this is not a simple refusal to work. These workers in striking are engaged in a rightful activity which is legally protected by various provisions of the Labor Management Relations Act. Again the court is not persuaded that one who exercises his legally protected right to strike is thereby refusing without good cause to accept offered employment. Moreover, the possible consequences to a union member of returning to work as a strike breaker may well constitute good cause for failing to return to work.

Plaintiff argues that because striking workers are not eligible for unemployment insurance benefits, they should equally be barred from welfare benefits. However, the legislature expressly included this ban in the unemployment insurance act, Mass.G.L. Ch. 151A, § 25. If any conclusion is to be drawn from the complete absence of such a provision in the welfare statutes, it would be that the legislature did not intend to apply any such ban to welfare payments.

■ Plaintiff has presented evidence to show that it is suffering substantial and irreparable damage from a continuance of the strike. Assuming it is suffering such damage, there is no evidence to show to what extent the receipt of welfare payments will affect the continuance of the strike. It is thus uncertain to what extent or how soon the granting of a temporary restraining order will avert further harm to plaintiff. On the other hand the granting of the order will harm the defendant and the state by interfering with their public interest in providing needed relief for the destitute. Moreover, it will inflict serious harm on the needy applicants and their families. Welfare recipients should not be denied the benefits of the welfare system until a determination after full hearing that they are not entitled to them. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

The motion for a temporary restraining order is denied.